UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRISTINA ARROYO, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-00388 |
| § | |
| STATE FARM MUTUAL AUTOMOBILE § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Pending before the Court is the defendant's, State Farm Mutual Automobile Insurance Company, motion for summary judgment (Dkt. No. 7). The plaintiff, Cristina Arroyo, has filed a response to the defendant's motion (Dkt. No. 8), and the defendant has filed a reply (Dkt. No. 9). Prior to defendant filing its motion for summary judgment, the parties file a joint stipulation of facts (D.E. No. 6). After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the defendant's motion should be **GRANTED** .

### II.  FACTUAL BACKGROUND

On December 21, 2021, the plaintiff was involved in an automobile accident involving a vehicle insured by the defendant. The policy issued by the defendant provided bodily injury liability coverage of $100,000 per claimant. On December 23, 2021, the accident was reported to the defendant who commenced an investigation. Due to the accident, the plaintiff incurred medical

expenses amounting to $46,771.27. The plaintiff then retained an attorney, David Lee Pettus, to represent her regarding the claim for her medical expenses from the automobile accident.

On January 12, 2022, Pettus sent the defendant a letter of representation on behalf of the plaintiff. On September 16, 2022, Pettus sent a letter to the defendant offering to settle the plaintiff's claim for policy limits. The defendant notified Pettus that it accepted this offer on September 26, 2022. Pettus sent a written acceptance of the offer of settlement the next day with a release bearing the purported signatures of Pettus, a third-party witness, and the plaintiff. On September 28, 2022, the defendant tendered a check for $100,000 to Pettus, as the plaintiff's attorney, and the plaintiff which was negotiated the next day bearing Pettus's signature as well as the plaintiff's purported signature.

On an unidentified date, the plaintiff terminated Pettus as her attorney. Neither the plaintiff, nor anyone acting on her behalf, notified the defendant that Pettus had been terminated as the plaintiff's attorney prior to February 20, 2023. On that same date the plaintiff's current attorney notified the defendant that the plaintiff had not received any settlement funds. On April 1, 2023, the defendant sent the plaintiff, through the plaintiff's current attorney, an "Affidavit of Unauthorized Endorsement or Altered Item." The plaintiff completed and mailed a copy to the defendant that same day. On May 12, 2023, the defendant received the executed affidavit and sent it to the bank institution that released the settlement funds to Pettus. All of these facts have been jointly stipulated by the parties.

### III.    CONTENTIONS OF THE PARTIES

The defendant contends that summary judgment on the plaintiff's claims is appropriate for two reasons. One, the plaintiff has no cause of action as a third-party beneficiary. Two, the

defendant cannot be liable for the actions of a third-party, the plaintiff's first attorney Pettus, because it properly discharged all of its legal obligations when it issued the settlement check.

The plaintiff responded by arguing that the defendant is liable under Section 3.110(d) of the Texas Business and Commerce Code. The plaintiff also contends that the defendant is liable because Pettus exceeded his authority when he retained the funds entirely and did so as a result of the defendant's violations of the law.

## IV.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated

assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, (1986)).

V.     ANALYSIS & DISCUSSION

    a.  Standing

The defendant's motion argues that the "no-direct-action" rule as well as the statutory language of the Texas Insurance Code and the Texas Deceptive Trade Practices Act bars the plaintiff's claims.

The defendant is correct that "Texas law prohibits an injured party from directly suing the [injuring party's] insurer unless and until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party." *In re Illinois Nat'l. Ins. Co.*, 685 S.W.3d 826, 835 (Tex. 2024) (quotation omitted). A settlement agreement, however, creates a legal obligation and allows an injured party to pursue the insurer as a third-party beneficiary. *Id.* at 839–40. The joint stipulation of facts between the parties shows that a settlement agreement was reached, and that Pettus was the plaintiff's agent for purposes of negotiating the settlement agreement. Hence, the no-direct-action rule does not automatically bar the plaintiff's claims against the defendant.

Moving to the statutes in question, the plaintiff's complaint advances claims for legal relief based in part on Chapter 541, Unfair Methods of Competition and Unfair or Deceptive Acts or Practices. This section covers a claim by "an insured or beneficiary" and is not limited to the insured. TEX. INS. CODE § 541.060(a). Thus, the defendant's argument, that the plaintiff may not pursue a claim for relief under the Texas Insurance Code as a third-party beneficiary based on the Texas Insurance Code does not apply in this case. Therefore, the plaintiff may pursue relief through Chapter 541 of the Texas Insurance Code.

The plaintiff's complaint also advances a claim under Section 17.46(b) of the Texas Deceptive Trade Practices Act. Under that Act, a civil suit for economic damages or damages for

mental anguish may be maintained only by a consumer. *See* TEX. BUS. & COM. CODE § 17.50. The plaintiff is not a consumer within the meaning of the Act, however, because she neither sought nor acquired by purchase or lease any good or services from the defendant. *See* TEX. BUS. & COM. CODE § 17.45(4). Thus, the plaintiff is not entitled to relief under the Texas Deceptive Trade Practices Act.

    b. **Texas Insurance Code Claim**

The Court notes that there is a fundamental difference between the parties as to what insurance claim is at issue. The plaintiff's pleadings characterize the "Affidavit of Unauthorized Endorsement or Altered Item" as a "forged endorsement claim." The defendant's motion addresses the undisputed insurance claim for the plaintiff's medical expenses from the underlying automobile accident. In Texas, the insured bears the burden of establishing coverage for an insurance claim. *See JAW The Pointe, LLC v. Lexington Ins. Co.,* 460 S.W.3d 597, 603 (Tex. 2015). The plaintiff has not identified any evidence that the "Affidavit of Unauthorized Endorsement or Altered Item" is a claim under any insurance policy. There is no genuine dispute of material fact that the affidavit was not an insurance claim. The plaintiff cannot prevail on her Texas Insurance Code claim, as a matter of law.

    c. **Negotiable Instrument Claim**

In the plaintiff's response to the defendant's motion, the plaintiff cites Section 3.110(d) of the Texas Business and Commerce Code for the first time, raising a "negotiable instrument defense or claim." The plaintiff, however, relies on *McAllen Hospitals, L.P. v. State Farm Mutual Ins. Co. of Texas,* 433 S.W.3d 535 (Tex. 2014), where that statute was expressly at issue. *See id.* at 539. Whether the Court considers this a new claim or not does not change the Court's analysis, however. A claim asserted for the first time in a reply in opposition to a summary judgment motion may be

considered by the Court when both parties have addressed the issue. *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008). Here, because the defendant relies on *Gusma Props., L.P. v. Travelers Lloyds Ins. Co.,* 514 S.W.3d 319 (Tex. App. – Hou. [14th], 2016) (no pet.), which address the same statute as the plaintiff, the Court considers the issue briefed by both parties.

Nevertheless, the plaintiff's reliance on *McAllen Hospitals,* however, is misplaced because the issues in the case did not involve an agency-principal relationship. *Id.* at 537. In fact, the Texas Supreme Court explicitly disclaimed that it was addressing whether its holding was applicable to "copayees in an agency relationship." *Id.* at 540, n.4. The defendant's citation to *Gusma* is more relevant to this case because it directly addressed the situation now before the Court. *Gusma Props.,* 514 S.W.3d at 321.

Hence, a payment made to an agent is deemed made to a principal even when that agent misappropriates the funds. *Benbrook Econ. Dev. Corp. v. Nat'l Bank of Texas,* 644 S.W.3d 871, 886 (Tex. App. – Fort Worth, 2022) (no pet.); *Jarvis v. K & E Re One, LLC*, 390 S.W.3d 631, 640 (Tex. App.—Dallas 2012) (no pet.); *Gusma Props.,* 514 S.W.3d at 327 (citing S*trickland Transp. Co. v. First State Bank of Memphis*, 214 S.W.2d 934, 938 (1948)); *Metro. Ins. & Annuity Co. v. Peachtree Settlement Funding, LLC*, 500 S.W.3d 5, 19 (Tex. App.—Houston [1st Dist.] 2016) (no pet.).

The plaintiff disputes that Pettus acted within his authority in misappropriating the settlement funds. However, that is not the issue before the Court. The issue before the Court is whether Pettus was the plaintiff's agent for the purpose of receiving the settlement funds. It is undisputed that Pettus was the plaintiff's attorney and; therefore, was the plaintiff's agent. *Gavenda v. Strata Energy, Inc.,* 705 S.W.2d 690, 693 (Tex. 1986). Pettus was the plaintiff's agent

at the time the settlement check was negotiated. Hence, the defendant extinguished its liability to the plaintiff when it sent the settlement to Pettus who had apparent authority to receive it and disburse the funds.

## V.   CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on September 5, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge